Filed 6/7/23  In re D.A. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re D.A., a Person Coming Under the Juvenile Court Law. | B321748 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. No. DK15837A |
| Plaintiff and Respondent, | |
| v. | |
| K.S. et al., | |
| Defendants and Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Marguerite D. Downing, Judge.  Affirmed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant K.S.

Donna B. Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant De.A.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and O. Raquel Ramirez, Senior Deputy County Counsel, for Plaintiff and Respondent.

A mother, K.S., and a father, De.A., appeal termination of their parental rights as to their son, D.A. The parents' lone contention on appeal is that the court erred in finding the Indian Child Welfare Act (25 U.S.C. § 1901 et seq., Welf. & Inst. Code, § 224 et seq., the Act) does not apply because the Los Angeles County Department of Children and Family Services failed to interview three specified extended family members. We affirm.

These proceedings began in 2016 when D.A. was three and a half years old. D.A. was then staying at his maternal grandmother's house, where the mother came and went. The father was not part of these living arrangements—he lived elsewhere with the paternal great-grandmother and a female cousin. The father's cousin is D.A.'s cousin once removed. We refer to her as "paternal cousin once removed."

D.A. was placed in foster care, and later returned to the maternal grandmother's home, where he had been living when the case began. The court ordered legal guardianship by the maternal grandmother as D.A.'s permanent plan. The maternal grandmother, then D.A.'s legal guardian, filed to adopt D.A. The court terminated the parents' rights, and ordered adoption as D.A.'s permanent plan. The mother and the father appealed.

The father identifies three relatives he contends were available to the Department but as to whom no inquiry was conducted under the Act. (The father initially said the Department made no inquiry of the maternal grandmother. In his reply brief, he concedes the Department made this inquiry.) The mother concurs with the father's inquiry argument.

The first two relatives at issue are the paternal great-grandmother and the paternal cousin once removed, with whom

the father lived in May 2016.  The parties agree the first two are not extended family members under the statute.  Specifically, the father says the Act's "plain terms" do not include these relatives and asking them "is not mandated."  Given this agreement, this issue is not in contention.  We need not and do not tackle the question of whether the Legislature intended these relatives to fall within the definition of "extended family members."

There is insufficient evidence either the paternal great-grandmother or the cousin once removed has an interest in the child.  Neither has been involved in D.A.'s life.  As a separate and independent ground, the father acknowledges he did not raise the issue of these relatives' interest in the child in his opening brief, and he indeed forfeited this argument.

The third relative is a maternal aunt.  The Department interviewed the maternal grandmother on the issue of Indian ancestry.  We presume the maternal grandmother had as much knowledge of family heritage as the maternal aunt.  Any error in the Department's failure to interview this aunt was harmless.

## DISPOSITION

The court's orders terminating the mother's and the father's parental rights are affirmed.


WILEY, J.

WE CONCUR:



GRIMES, Acting P. J.                VIRAMONTES, J.


3